**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: |
| | ) | |
| GRATA CAFE, LLC, | ) | 22-00494-5-JNC |
| | ) | |
| | ) | |
| DEBTOR | ) | CHAPTER 11 |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN of the United States Bankruptcy Administrator's **MOTION PURSUANT TO 28 U.S.C. § 1412 AND FED. R. BANKR. P. 1014(a)(1) TO TRANSFER CASE TO THE MIDDLE DISTRICT OF NORTH CAROLINA** filed on March 10, 2022 in the above-captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this motion may be allowed provided no response and request for hearing is made by the Debtor, or other parties in interest, in writing to the Clerk of this Court **within fourteen (14) days from the date of this notice**. A written response explaining your position, and a request for hearing, should be mailed to the Court's address at:

Clerk, U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 791
Raleigh, North Carolina 27602

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing are filed by the Debtor, or other parties in interest named herein, in writing by the time indicated, a hearing will be conducted on the motion and response thereto as set by the Court, and all interested parties will be notified accordingly. If no request for hearing is timely filed, the Court may rule on the motion and response thereto ex parte without further notice.

DATE OF NOTICE: March 10, 2022.

By: /s/ Kirstin E. Gardner
Kirstin E. Gardner
Staff Attorney
NCSB #52144
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 856-4886
Kirstin_gardner@nceba.uscourts.gov

1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** ) | | **CASE NO.** |
| ) | | |
| **GRATA CAFE, LLC,** ) | | **22-00494-5-JNC** |
| ) | | |
| ) | | |
| **Debtor-in-possession** ) | | **CHAPTER 11** |

## MOTION OF THE UNITED STATES BANKRUPTCY ADMINISTRATOR PURSUANT TO 28 U.S.C. § 1412 AND FED. R. BANKR. P. 1014(a)(1) TO TRANSFER CASE TO THE MIDDLE DISTRICT OF NORTH CAROLINA

NOW COMES the Bankruptcy Administrator for the Eastern District of North Carolina, by and through her undersigned counsel, and moves this Honorable Court for an order transferring the Debtor's Chapter 11 case to the Middle District of North Carolina pursuant to 28 U.S.C. § 1412 and F.R.B.R. 1014(a)(1); and, in support thereof, shows the court the following:

1. On March 8, 2022, the above-captioned Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is a limited liability company formed in the State of North Carolina on April 6, 2021.

3. The Debtor's Schedules and Statements reflect that the principal assets of the Debtor are located in the Middle District of North Carolina.

**- Governing Law**

4. Venue for a bankruptcy case is governed by 28 U.S.C. §1408 which provides:

> Except as provided in section 1410 of this title [28 USCS § 1410], a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one

    hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

  (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

  5. The BA acknowledges that commencement of this case within this District is not *per se* improper, as the Debtor is organized within the State of North Carolina and may be said to have its domicile/residence in this state. See 28 U.S.C. § 1408; but see, *In re Suzanne De Lyon, Inc.*, 125 B.R. 863, 866 (Bankr. S.D.N.Y. 1991) ("Domicile and residence generally apply to individuals and not to corporations."); and, *In re Indus. Pollution Control, Inc.*, 137 B.R. 176, 180 (Bankr. W.D. Pa. 1992) (same).

  6. "Notwithstanding that venue of a bankruptcy case may be proper in a district, a court may transfer a case or proceeding under title 11 to another district 'in the interest of justice or for the convenience of the parties.' 28 U.S.C. § 1412." *In re Grand Dakota Partners, LLC*, 573 B.R. 197, 201 (Bankr. W.D.N.C. 2017). 28 U.S.C. § 1412 provides: A district court may transfer a case or proceeding under title 11 [11 USCS §§ 101 et seq.] to a district court for another district, in the interest of justice or for the convenience of the parties.

**Transfer is in the Interests of Justice**

  7. "When considering the 'interest of justice' courts consider 'a broad and flexible standard,' which must be applied on a case-by-case basis. *In re Patriot Coal Corp.*, 482 B.R. 718, 739 (Bankr. S.D.N.Y. 2012). Factors considered include whether transferring venue would promote the 'efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness.' Id. 'As a practical matter, in most cases, if the convenience of the parties and witnesses will be served by transfer, it usually follows that justice will also be served by transfer.' *In re*

3

*Pinehaven Assoc.*, 132 B.R. 982, 990 (Bankr. E.D.N.Y. 1991)." *In re Grand Dakota Partners, LLC*, 573 B.R. at 205.

8. Within Official Form 201 -- Voluntary Petition for Non-Individuals Filing for Bankruptcy [DE # 1], the Debtor declares the location of its principal place of business is 200 N. Greensboro Street Carrboro, NC 27510. This address is located within the Middle District of North Carolina.

9. In light of the closing of the Bankruptcy Court location in Durham, the BA anticipates this District will see an increase in filings where venue is more properly in the Middle District. In isolation, an argument can be made for any one of these cases to remain in this District. The problem is that this argument can be repeated over and over again, to where functionally the Eastern District of North Carolina is now serving counties outside of our border which are located in the Middle District (i.e. Chatham, Lee, Durham, Orange, Person, and Hoke). This is not what Congress intended when it created the judicial districts.

**<u>Transfer Would Result in Convenience of the Parties</u>**

10. The factors to be considered in determining the convenience of the parties and the interest of justice are: "(1) the proximity of creditors of every kind to the court; (2) the proximity of the Debtor to the court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity for ancillary administration if a liquidation should occur." Id. at 201-202; *In re Lakota Canyon Ranch Dev., LLC*, Case No. 11-03739-8-RDD, 2011 Bankr. LEXIS 4652, at *7 (Bankr. E.D.N.C. June 21, 2011); and, *Spartan Holding Company, Inc.*, Case No. 11-02355-8-RDD, 2011 Bankr. LEXIS 1992 at *5.

11. The BA believes consideration of these factors weighs in favor of transfer of this case to the Middle District of North Carolina.

12. **Proximity of creditors to the Court**: The Debtor has not filed its Schedules, until such time as the schedules have been filed the BA is not able to assess the proximity of creditors to this Court.

13. **Proximity of the Debtor's Main Assets to the Court**: Within Official Form 201 -- Voluntary Petition for Non-Individuals Filing for Bankruptcy [DE # 1], the Debtor declares the location of its principal place of business is 200 N. Greensboro Street Carrboro, NC 27510. This address is located within the Middle District of North Carolina. This location is approximately 46 miles away from the Bankruptcy Court located in Greensboro, North Carolina and 113 miles away from this Court's location in Greenville, North Carolina. "There is ample support for the proposition that a Chapter 11 case can, and should, be administered in the bankruptcy court closest to a debtor's major asset." *In re Grand Dakota Partners, LLC*, 573 B.R. at 202.

14. **Proximity of Witnesses to the Court**: As noted above, the Greensboro, North Carolina Bankruptcy Court is closer to the Debtor's principal place of business.

15. **Economic Administration of the Estate**: The Greensboro, North Carolina location of the Bankruptcy Court is also closer to the Sasser Law Firm.

16. **Need for Ancillary Administration (Trustee Appointment or Conversion)**: This factor weighs equally in either District, Trustees in the Middle and Eastern District are equally capable of administering assets located in adjacent districts.

**Conclusion**

17. The BA believes that a transfer of venue to the Middle District of North Carolina is in the interests of justice and also would be convenient to the parties.

**WHEREFORE,** the Bankruptcy Administrator prays that this Court issue an order transferring this case to the United States Bankruptcy Court for the Middle District of North Carolina, and such other relief as the Court may deem just and proper.

Respectfully submitted, this 10th day of March, 2022.

        Marjorie K. Lynch
        U.S. Bankruptcy Administrator

        By: /s/ Kirstin E. Gardner
        Kirstin E. Gardner
        Staff Attorney
        NCSB #52144
        Bankruptcy Administrator's Office
        434 Fayetteville Street, Suite 640
        Raleigh, NC 27601
        (919) 856-4886
        (919) 856-4692 – Facsimile
        Kirstin_gardner@nceba.uscourts.gov

**CERTIFICATE OF SERVICE**

I, Tanya L. Aycock, of 434 Fayetteville Street, Suite 640, Raleigh, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served copies of the foregoing Withdrawal electronically upon counsel of record:

Philip Sasser                via CM/ECF
Attorney for Debtor

I certify under penalty of perjury that the foregoing is true and correct.

This 10th day of March 10, 2022.

By: /s/ Tanya L. Aycock
Tanya L. Aycock
Bankruptcy Analyst
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601